USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NANCY E. KILKENNY,

                Plaintiff,

   -v-

MICHAEL J. ASTRUE, Commissioner of Social Security,[1]

                Defendant.

No. 05-CV-6507 (KMK) (LMS)

ORDER ADOPTING REPORT
AND RECOMMENDATION

---

KENNETH M. KARAS, District Judge:

    Plaintiff Nancy E. Kilkenny ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the decision of the Commissioner of Social Security ("Commissioner") to deny her disability insurance benefits. Plaintiff has filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), requesting that this Court reverse the Commissioner's final decision and remand to the Commissioner for a new administrative hearing. The Commissioner has cross-moved for judgment on the pleadings, requesting that the Commissioner's decision be affirmed and that Plaintiff's Complaint be dismissed. Judge Colleen McMahon, who was originally assigned to this case, referred the case to Magistrate Judge Lisa Margaret Smith.[2] Magistrate Judge Smith filed a Report and Recommendation ("R&R") on April 9, 2009, recommending that this Court grant Plaintiff's motion to remand to the Commissioner for further development of the administrative record,

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d)(1), Michael J. Astrue is substituted for his predecessor, Jo Anne B. Barnhart, as Commissioner of Social Security.

[2] The case was reassigned to the undersigned on August 6, 2007.

deny the Commissioner's cross-motion for judgment on the pleadings, and close the case. (R&R 27.)

A district court reviewing a magistrate judge's report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), parties may submit objections to the magistrate judge's report and recommendation. The objections must be "specific" and "written," Fed. R. Civ. P. 72(b)(2), and must be made "[w]ithin 10 days after being served with a copy of the recommended disposition," *id.*; *see also* 28 U.S.C. § 636(b)(1), plus an additional three days when service is made pursuant to Fed. R. Civ. P. 5(b)(2)(C)-(F), *see* Fed. R. Civ. P. 6(d), as was the case here (R&R 27).

Where a party submits timely objections to a report and recommendation, the district court reviews de novo the parts of the report and recommendation to which the party objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Donahue*, 2007 WL 831816, at *1. "However, where a party does not submit an objection, a district court need only satisfy itself that there is no clear error on the face of the record." *Donahue*, 2007 WL 831816, at *1 (internal quotation marks omitted); *see also Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (The district court "may adopt those portions of the . . . report [and recommendation] to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." (quoting Fed. R. Civ. P. 72(b)(2))). "In addition, a party's failure

2

to submit an objection will waive that party's right to challenge the report and recommendation on appeal." *Donahue*, 2007 WL 831816, at *1.

Here, neither party has filed objections to Magistrate Judge Smith's R&R. Thus, the Court has reviewed the R&R for clear error. Finding none, the Court adopts the R&R in its entirety.

In her R&R, Magistrate Judge Smith recommends that this Court grant Plaintiff's motion for judgment on the pleadings on the limited basis that the Administrative Law Judge ("ALJ") committed legal error by failing to obtain all of the information pertinent to the Plaintiff's psychiatric impairments. (R&R 2.) The Court agrees with Magistrate Judge Smith that the case should be remanded to the Commissioner for further development of the administrative record concerning Plaintiff's psychiatric impairments for the time period of March 21, 2002, when Plaintiff stopped working because of her alleged impairment, through December 21, 2004, the date of the ALJ's decision. (*Id.* 2-3)

The Second Circuit has held that, even where a claimant has the assistance of counsel, an ALJ has an affirmative duty to seek additional information from a treating physician *sua sponte* in order to develop a complete administrative record concerning the existence, nature, and severity of the claimed disability. *See Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998); *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996) ("Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record. This duty exists even when the claimant is represented by counsel . . . ." (internal citation omitted)). In this case, the administrative record contains insufficient information from Dr. Andrea Snyder, a psychiatrist treating Plaintiff for post-traumatic stress

3

disorder, for which Dr. Snyder had prescribed numerous medications to Plaintiff. (R&R 22; Tr. of R. of Proceedings, Soc. Sec. Admin., Office of Hr'gs & Appeals (Aug. 7, 2005) 267.) The ALJ "should have inquired further with [the] treating psychiatrists and therapists." *Rivera v. Astrue*, No. 06-CV-3326, 2009 WL 705756, at *7 (E.D.N.Y. Mar. 16, 2009); *see also Johnson v. Barnhart*, No. 02-CV-1704, 2004 WL 725309, at *3-4 (E.D.N.Y. Mar. 8, 2004) (remanding where ALJ failed to further develop the administrative record by obtaining information from plaintiff's treating psychiatrist or psychologist concerning plaintiff's mental limitations). As a result, the Court agrees with Magistrate Judge Smith that there "exist substantial gaps in the administrative record pertaining to the degree and severity of Plaintiff's psychiatric condition between March 21, 2002 and December 21, 2004" which would "preclude this Court from finding that the Commissioner's final decision that the Plaintiff is not disabled is supported by substantial evidence." (R&R 25-26.) *See Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999) ("Where there are gaps in the administrative record or the ALJ has applied an improper legal standard, we have, on numerous occasions, remanded to the [Commissioner] for further development of the evidence." (internal quotation marks omitted) (alteration in original)).

Accordingly, it is hereby

ORDERED that the Report and Recommendation filed April 9, 2009 is ADOPTED in its entirety. It is further

ORDERED that the part of Plaintiff's motion seeking remand is GRANTED and the case is REMANDED to the Commissioner for proceedings not inconsistent with this Order and the R&R, pursuant to 42 U.S.C. § 405(g). It is further

ORDERED that the Commissioner's motion for judgment on the pleadings is DENIED.

4

It is further

ORDERED that the Clerk of the Court is respectfully directed to enter a judgment in favor of Plaintiff, remand the case to the Commissioner for proceedings consistent with this Order, terminate the pending motions (Dkt. Nos. 5 and 8), and close this case.

SO ORDERED.

Dated:    May 12, 2009
         White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

Service List (For Mail by Clerk's Office):

Lewis B. Insler, Esq.
Ingerman Smith, L.L.P.
150 Motor Parkway, Suite 400
Hauppauge, NY 11768
*Counsel for Plaintiff*

Susan D. Baird, Esq.
U.S. Attorney's Office, SDNY
One St. Andrew's Plaza
New York, NY 10007
*Counsel for the Commissioner*

Susan Colleen Branagan, Esq.
U.S. Attorney's Office, SDNY
86 Chambers Street, 3rd Floor
New York, NY 10007
*Counsel for the Commissioner*

Copy To:

Honorable Lisa Margaret Smith
United States Magistrate Judge